#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 01-CR-30140-02-MJR |
| ) | |
| **EARNEST D'MARCO JOHNSON,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

By opinion dated August 16, 2005, the United States Court of Appeals for the Seventh Circuit directed a limited remand to this Court for proceedings consistent with *United States v. Paladino*, **401 F.3d 471 (7th Cir. 2005),** after Defendant Earnest D'Marco Johnson (sentenced under the then-mandatory scheme of the U.S. Sentencing Guidelines) challenged his sentence under *United States v. Booker*, **– U.S. –, 125 S.Ct. 738 (2005).** Specifically, this Court sentenced Johnson to 162 months imprisonment, which included a term of 78 months for the count of aggravated robbery and a term of 84 months for the count of using a firearm during the robbery. Now that the guidelines, post-*Booker*, are advisory, the case has been returned, so this Court can determine whether its sentence would be different.

*Paladino* instructs that, on limited remand, the sentencing judge must determine whether he would reimpose his original sentence. "If so, we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable, the standard of appellate review prescribed by *Booker*." If, "on the other hand, the judge states on limited remand that he would have imposed a different sentence had he known the guidelines were merely advisory," the Seventh Circuit "will vacate the original sentence and remand for resentencing." *Paladino,* **401 F.3d at 484.**

In deciding whether to reimpose the original sentence, this Court solicits the views of counsel, via written briefs no longer than 10 pages (unless extraordinary circumstances are shown via motion seeking leave to file oversized brief).

The Government shall file its *Paladino* Memorandum on or before <u>September 30, 2005.</u> Defendant Johnson shall file his *Paladino* Memorandum on or before <u>October 14, 2005.</u> These memoranda should be electronically filed (using the Court's CM/ECF system) by selecting **Criminal**, then **Memoranda in Support, Responses and Replies**, then **Response**, and then (when prompted) linking the memorandum to this Order by choosing **Refer to Existing Events**.

The Court **WILL HEAR ORAL ARGUMENT** on this issue (permitting up to 15 minutes per side) at 2:30 p.m. on October 28, 2005, immediately after which the Court will announce its ruling.

Defendant Johnson is *not* required to be present at this hearing. *See* **FED. R. CIV. P. 43(b)(3);** *Paladino,* **401 F.3d at 484.** If Johnson desires to appear, he must do so at his own expense; the Court will not require the Government to secure his presence at this hearing.

**IT IS SO ORDERED.**

**DATED this 12th day of September, 2005.**

    s/Michael J. Reagan
    **MICHAEL J. REAGAN**
    **United States District Judge**