# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 01-CR-30140-02-MJR |
| EARNEST D'MARCO JOHNSON, | ) |
| Defendant. | ) |

## ORDER

**REAGAN, District Judge:**

On October 11, 2007, Defendant Johnson wrote a letter to the Court requesting that he be able to arrange his own restitution payments (Doc. 295). Specifically, Johnson states that he has been trying to obtain a position with UNICOR, a program which allows inmates to work for compensation but also requires that a portion of the inmate's income be withheld to pay for outstanding criminal fines and restitution. Johnson wishes this Court to permit him to depart from this payment scheme if he does in fact obtain a position with UNICOR. Johnson does not challenge the validity of the Court's restitution Order. The Court construes the letter as a motion to alter or amend.

On December 5, 2007, the Government submitted its response (Doc. 299). Having reviewed the parties' filings, the Court hereby **DENIES** Johnson's motion (Doc. 295).

The Court lacks jurisdiction to require the Bureau of Prisons or UNICOR to allow Johnson to deviate from its standard payment scheme. As a condition of an inmate's participation in UNICOR, the Bureau of Prisons and UNICOR require that a portion of the inmate's income be withheld so that such funds can be charged against outstanding criminal fines and restitution. This Court lacks jurisdiction to alter that policy.

Finally, Johnson appears to request an adjustment of his current restitution payment schedule. Specifically, Johnson requests that he be permitted to pay $25 every 90 days for six months, then $50 every 90 days for one year, and then $100 every 90 days. The provision governing adjustments in a restitution payment schedule is **18 U.S.C. § 3664(k)**, which states:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Johnson has not presented any facts to indicate that there has been a material change in his economic circumstances, aside from the fact that he is incarcerated. However, the Court previously took the fact of Johnson's incarceration into account when determining restitution. As such, the Court cannot Order an adjustment of the payment schedule in this case.

Accordingly, the Court **DENIES** Johnson's motion to alter or amend (Doc. 264).

**IT IS SO ORDERED.**

**DATED this 2d day of April 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**